IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Crim. No. PX-19-348 |
| | * |
| ALAKOM-ZED CRAYNE POBRE, | * |
| | * |
| Defendant | * |
| | * |

*******

**JOINT MOTION TO EXCLUDE TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)**

The United States of America and Defendant Alakom-Zed Crayne Pobre, by and through counsel, hereby request an order, pursuant to 18 U.S.C. § 3161(h)(7), excluding the time period between **November 6, 2019** and **January 10, 2020**, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c). In support of this Motion, the parties submit the following:

1. On July 22, 2019, a federal grand jury sitting in the District of Maryland returned an indictment charging Pobre with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Pobre had his initial appearance on July 23, 2019.

2. On August 16, 2019, this Court granted Pobre's Consent Motion to Toll Speedy Trial, which resulted in excluding the time period between August 8, 2019 and September 6, 2019, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c).

3. On August 29, 2019, this Court held a telephone conference with both parties. During that call, this Court scheduled the next status call for November 5, 2019.

4. On November 1, 2019, this Court granted the parties' Joint Motion to Toll Speedy Trial, which resulted in excluding the time period between September 7, 2019 and November 5,

2019, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c).

5. On November 5, 2019, this Court held a telephone conference with both parties. During that call, this Court scheduled the next status call for January 10, 2020.

6. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

7. Under 18 U.S.C. §3161(h)(7), the Court may exclude time from the seventy-day time period, at the request of the attorney for the Government, if the Court finds that the ends of justice will be served by taking such action and such action outweighs the best interest of the public and the defendant in a speedy trial.

8. The parties submit that tolling of the Speedy Trial Act clock for any time not automatically excluded pursuant to § 3161(h)(1)(D) is appropriate under the circumstances. Tolling the time will allow the parties to consult with experts and analyze discovery, which includes complicated computer science. Additionally, the parties will be able to confer about discovery issues.

9. For the foregoing reasons, the ends of justice will be served by excluding the time period between **November 6, 2019** and **January 10, 2020**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests

of the public and the Defendant in a speedy trial.  If this Motion is granted, the speedy trial clock will expire on **February 4, 2020**.

>
> Respectfully submitted,
>
> Robert K. Hur
> United States Attorney
>
> By: _____/s/_____
> Dwight J. Draughon
> Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system.

/s/
Dwight J. Draughon
Assistant United States Attorney