IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND | : |
| vs. | : Case No.   8:19-cr-00348-PX |
| ALAKOM-ZED CRAYNE POBRE | : |
| Defendant | : |

## MOTION TO MODIFY CONDITIONS OF RELEASE TO FACILITATE DEFENDANTS PARTICIPATION IN HIS OWN DEFENSE

Comes now the Defendant, Alakom-Zed Crayne Pobre, by and through counsel, Richard A. Finci, Esquire and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC, and respectfully states as follows:

1. On the 25th day of July, 2019, Defendant had his initial appearance in the above-referenced matter, charged with violating 18 U.S.C. §2256(8)(A) (Possession of Child Pornagraphy) and was released with specific conditions that included broad and encompassing restrictions refraining all use of computer systems and Internet-capable devices and also location GPS monitoring restricted to his residence without Court approval. He is charged with Possession of Child Pornography.

2. The Government's case against the Defendant began with the issuance of a Search Warrant for Defendant's premises and computers. This Search Warrant was based upon the use of warrantless electronic surveillance of a network called Freenet. Discovery reveals that the Maryland State Police, using special software developed by Computer Science networking experts from the University of Amherst, were monitoring the Freenet and that those officers, applying a statistical algorithm which is part of the special software, came to the conclusion that it was statistically likely that the IP address traced to Defendant's home had requested known

Child Pornography. Certain alleged child pornography files were later found on the RAM of Defendant's computer and form the basis of the charges in this case.

3. Defendant is himself a highly trained and skilled expert in network systems and prior to his arrest was employed as such. Defendant has informed undersigned counsel that he wishes to examine all of the evidence against him, to study the nature of the warrantless surveillance at the origins of this investigation, to review the algorithm in question, to research the underlying assumptions made by the developers of the software hack of the Freenet browser, to run his own simulations to show that the underlying assumptions result in a higher error rate of false positives and to generally assist his attorney, who lacks expertise in network systems, to formulate his defense, etc. Additionally, Defendant wishes to be actively involved in his defense in order to more economically utilize the expert witness being retained at already great expense to the Defendant. He wishes to participate in his own defense to the fullest possible degree.

4. Up to this point in time, Defendant has only accessed a computer when in Counsel's office reviewing evidence which required him to access a computer, such as his own statement which was provided via MP3 file (the Court gave counsel permission to do this at the initial appearance) and to review written discovery materials which have not been printed (now approaching a thousand or more pages)..

5. The Defense proposes the following modified conditions to allow Defendant to participate and assist in his defense in this case:

    a. Defendant may use the desktop computer which runs Windows 10 software which was delivered to Counsel's office after the initial appearance in this case per court order. Said system was set up by Defendant <u>after</u> his other computers were seized by State police and prior

to any charges in this case. The computer does not have wireless access and can only access the internet via a wired connection.

b. Defendant may use that computer in Counsel's office, without any connection to the internet, at any time and without direct supervision of any person. Alternatively, Defendant has proposed that he can be supervised in Counsel's office by his wife. She is capable of working remotely for her employer and willing to share a conference room in Counsel's office to assist in the Defense. The Court should know that Defendant's wife is technologically saavy and is employed as an Astro Physicist by Johns Hopkins.

c. Defendant may access the internet through that same computer to conduct research and simulations but only when under direct supervision at Counsel's office.

d. Pretrial Services will be instructed to allow Defendant to have liberal opportunity to come to Counsel's office in order to work on his case. (Defendant's attorney's office is located across the street from United States Probation and Pretrial Services and an Officer is invited to come at any time to make sure Defendant is present when he has indicated he will be in Counsel's office).

6. Additionally, Defendant seeks permission to have unrestricted computer access in the company of his expert witnesses who are being consulted in this matter. During those occasions, Defendant's computer access will be monitored by the expert consultants.

7. Undersigned Counsel has had preliminary discussions with the Government

regarding these requests. Counsel understands that the Government does not oppose all of the requests but does have objections to the use of Defendant's wife as a supervisor.

8. Counsel suggests that a hearing be held at which these requests for modifications of conditions of release can be hashed out before the Court and an Order Modifying Conditions of release to allow Defendant to participate and assist in his defense be fashioned.

**WHEREFORE**, the Defendant respectfully requests the following relief:

1. That this Honorable Court granted modifications of conditions of release as set forth and requested above.

2. Such further and additional relief as justice may require.

Respectfully submitted,

/s/ Richard A. Finci

Richard A. Finci, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2019, a copy of the foregoing Motion to Modify Conditions of Release to Facilitate Defendant's Participation in his own Defense was served via filing in the electronic filing system to the Dwight Draughon, Esquire, Office of the United States Attorney, 6406 Ivy Lane, Greenbelt, Maryland 20770.

/s/ Richard A. Finci

Richard A. Finci, Esquire