**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  PX-19-348** |
| | * | |
| **ALAKOM-ZED CRAYNE POBRE,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**SECOND MOTION TO MODIFY RELEASE CONDITIONS**

The United States of America, by and through its attorneys, respectfully submits this response in opposition to Defendant Alakom-Zed Pobre's Second Motion to Modify Order Setting Conditions of Release to Facilitate Defendant's Participation in His Own Defense during COVID-19 Emergency (ECF No. 38).  For the reasons previously stated on the record and provided below, the Motion should be denied.

Pobre should not be allowed to access a computer in his residence because he is a self-described computer expert who is charged with committing a computer crime in his residence. As noted in Pobre's Motion, he has a "highly advanced level of knowledge of the underlying network operating software system and network understanding in general."  ECF No. 38 ¶ 3.  In light of this background, the Court restricted Pobre's computer access to a device without internet capabilities in defense counsel's office.  Notably, the Court also required that defense counsel and his staff "verify each time that the defendant is in the office that he has no internet-capable devices."  ECF No. 25 at 3.  This necessary step cannot be done in Pobre's home without the presence of defense counsel or his staff.  U.S. Probation and Pretrial Services is unable to ensure that Pobre does not have internet-capable devices in his home, especially in light of the

circumstances caused by the current COVID-19 pandemic.  And Pobre's spouse cannot be tasked with ensuring that Pobre does not have internet-capable devices because Pobre is charged with a computer-based crime that likely occurred with his spouse present.

Motions in this matter, and Pobre's Reply for his Motion to Compel, were due by April 1, 2020.  However, the Court's Order on March 20, 2020 extended the deadlines in all proceedings in this Court by forty-two days.  Standing Order 2020-05, Misc. No. 00-308 (D. Md. Mar. 20, 2020).  Pobre's Reply and motions from both parties are now due May 20, 2020, unless the Honorable Paula Xinis sets a different date.  *Id.*  Accordingly, there is no urgency to giving Pobre access to a computer.

For the reasons set forth above, the Government requests that the Court deny Defendant Pobre's Second Motion to Modify Release Conditions.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:    /s/
Dwight J. Draughon Jr.
Joseph R. Baldwin
Assistant United States Attorneys

Dated:  March 30, 2020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 30, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____/s/_____
Dwight J. Draughon Jr.
Assistant United States Attorney