**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
SOUTHERN DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No. 8:19-cr-00348-PX |
| | * | |
| **ALAKOM-ZED CRAYNE POBRE,** | * | |
| **Defendant.** | * | |

\* \* \* \* \*

## ORDER

Pending before me is Defendant's "Second Motion to Modify Order Setting Conditions of Release to Facilitate Defendant's Participation in His Own Defense During COVID-19 Emergency" ("Second Motion") (ECF No. 38), and the response of the Government thereto, (ECF No. 39), which was filed on March 30, 2020. Having considered the submissions of the parties, the Court finds that no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth herein, the Second Motion is **DENIED**.

On July 22, 2019, the grand jury charged the Defendant, Alakom-Zed C. Pobre ("Defendant" or "Mr. Pobre"), with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Following his arrest and initial appearance, he was released on stringent conditions to his home, including a restriction that he not be allowed to use any computer systems or internet-related devices. (ECF No. 10). The undersigned imposed this condition after evaluating the factors under 18 U.S.C. § 3142(g).

On December 16, 2019, Mr. Pobre filed a motion to modify conditions of release to facilitate his participation in his own defense. (ECF No. 22). In that modification motion, his counsel argued

that Mr. Pobre "is himself a highly trained and skilled expert in network systems" who wanted to review the surveillance-related algorithm used by the government to identify him in its investigation, and also to be "actively involved in his defense," which would include "running computer simulations." (*Id.* at 2). At the bail review hearing, the undersigned recognized the Defendant's need and constitutional right to assist in his defense, but also recognized the need to protect the public. Accordingly, the Court modified the conditions of release so that the Defendant could have access to a computer to assist in his defense, but only if that computer lacked internet capabilities and was located in defense counsel's office. In addition, the undersigned required: (a) defense counsel or the defense expert to be present each time that Mr. Pobre accessed a computer; (b) that defense counsel and/or his staff (or his wife if she was in the office, too) had to verify each time that Mr. Pobre had not accessed the internet; and (c) that defense counsel had to verify that each time Mr. Pobre was in the law office, that he did not have access to internet-capable devices of any kind. (ECF No. 25).

In the Second Motion, defense counsel has indicated that he has closed his offices in light of Governor Hogan's order related to the COVID-19 pandemic, and to practice "social distancing." (ECF No. 38, p. 2). Thus, the Defendant seeks permission to have the same computer that he has been using at counsel's office set up at his home. He also represents that any communication between the Defendant and his counsel could be relayed through a third party, the Defendant's wife, who will go to a nearby location where there is Wi-Fi to email any messages to counsel. (*Id.* at 2).

The undersigned has analyzed this new request under 18 U.S.C. § 3142, and find that the COVID-19 pandemic is new information that this Court may properly consider. Evaluating all of the factors under Section 3142, however, the undersigned does not find that this new information changes the Court's concerns, particularly about the dangerousness of this Defendant and the need to protect the community. It was because of the Defendant's professed computer sophistication and expertise

that the undersigned required the Defendant's computer access to be only at defense counsel's office under the above-listed stringent conditions. One key condition was the verification of defense counsel or his staff that the Defendant was not improperly accessing the internet. If the Court were to allow any computer into the Defendant's home under the current COVID-19 lockdown, there is simply no way to effectively ensure that the Defendant, with his expertise, could not make it internet capable. In addition, the undersigned would need to require U.S. Pretrial Services and Probation to send someone to the Defendant's home periodically to ensure that he has no internet capable devices, which the undersigned will not do in light of the current COVID-19 pandemic. Moreover, this Court will not enter an order that encourages counsel and his client to physically interact, in light of the various Standing Orders that have been entered by Chief Judge Bredar related to the current suspension of all but emergency civil and criminal in-court proceedings until at least April 24, 2020.[1]  Furthermore, the Defendant and his counsel have had approximately ninety days between the December 2019 release order and the date that the Second Motion was filed for the Defendant to use the computer at his counsel's office. Under the current conditions, other alternatives exist for the Defendant and his counsel to continue their communications; e.g., via the phone.

In sum, the undersigned continues to believe that the currently-imposed conditions are reasonably necessary to protect the public. Accordingly, when considering all of the relevant factors under the Bail Reform Act, as well as the findings previously made by the Court, the Defendant's Second Motion (ECF No. 38) is hereby **DENIED.**

Dated: March 31, 2020                                    /s/
                                                                The Honorable Gina L. Simms
                                                                United States Magistrate Judge

---

[1] Yesterday, the government filed a letter seeking to extend the due date for motions and to continue the hearing date in light of the COVID-19 closures. (ECF No. 40).