# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND        :

     vs.                :     Case No.   8:19-cr-00348-PX

ALAKOM-ZED CRAYNE POBRE    :

    Defendant          :

_____

### MOTION TO REVIEW MAGISTRATE JUDGE'S DENIAL OF DEFENDANT'S SECOND MOTION TO MODIFY ORDER SETTING CONDITIONS OF RELEASE TO FACILITATE DEFENDANT'S PARTICIPATION IN HIS OWN DEFENSE

Comes now the Defendant, Alakom-Zed Crayne Pobre, by and through counsel, Richard A. Finci, Esquire and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC, and respectfully states as follows:

1.     The original order setting conditions of release in this matter dated July 25, 2019 included a provision directing that Defendant "refrain from use of computer systems, internet-capable devices, and/or similar electronic devises at any location without the prior written approval of the United States Probation Services officer…." (ECF 10)

2.     On December 18, 2019, Judge Simms held a hearing on Defendant's Motion to Modify Conditions of Release which sought to establish some means by which the Defendant could have some access to a computer to assist in his defense (*See* ECF 25). Judge Simms granted the Motion in a limited manner. Defendant was permitted to set up a computer without any internet capability in undersigned Counsel's office but was required to be supervised at all times to make certain that the Defendant was not accessing the internet while in Counsel's office. During this time, Defendant's third-party custodian, Lynn Valencic (his wife), was with Defendant at all times and whenever he was in Counsel's office, he was monitored to make certain that his computer was not plugged into the internet periodically by Counsel and/or his staff, as well as Ms. Valencic (even pre-pandemic Ms. Valencic, who is an astrophysicist employed by Johns Hopkins,

was able to work remotely). In order to accommodate the Defendant, Counsel allowed him to set up in a spare office in Counsel's suite. In order for Defendant to access pleadings, documents, and/or research on technical matters related to his case, undersigned Counsel would download materials to a thumb drive and provide it to him in that manner, or to Ms. Valencic electronically who would then download onto a thumb drive for Defendant. Though obviously not an ideal arrangement, all concerned in good faith endeavored to make the best of the situation.

3.      Once the pandemic began, undersigned Counsel was no longer able to permit the Defendant to utilize the spare office in his suite. All spare offices have since been occupied by paralegal assistants and staff in order to provide for their safety and the required social distancing during the pandemic. Consequently, on March 25, 2020, undersigned Counsel filed a Second Motion to Modify Order Setting Conditions of Release to Facilitate Defendant's Participation in His Own Defense During COVID-19 Emergency (ECF 38). The Government filed a response (ECF 39) and on March 31, 2020, Judge Simms issued an order denying the motion (ECF 41). At the time, all proceedings in this matter had been stayed until the reopening of the court and because one of the primary reasons for denying the motion was the fact that all proceedings were suspended at that time through at least April 24, 2020, no appeal was taken from Judge Simms order.

4.      At this point in time, proceedings have been reinstated in this matter and a motions deadline of August 17, 2020 is currently pending as is a planned hearing on Defendant's Motion to Compel Discovery set for August 24, 2020. That Motion involves extensive technical issues as to the materiality of the demanded disclosure of software which is at the heart of Defendant's own technical prowess, desire, and intent to be closely involved in his defense.

5.      During a status call in this matter on July 31, 2020, undersigned Counsel informed the Court of this major difficulty in establishing a means by which the Defendant can participate in his defense. As Counsel informed the Court, Defendant is a very high-level expert in computer

network technologies including, most importantly, the software known as Freenet which is at the center of this case including the discovery, Fourth Amendment, and substantive issues at hand.

6.      After the status call, in an effort to achieve an agreed-upon modification to the conditions of release, Assistant United States Attorney Draughon consulted via email with United States Pretrial Services. Counsel waited a week for their response in a good-faith effort to resolve the matter. Undersigned Counsel followed up that email on the morning of August 12, 2020 and received a response from Officer Stacey Carter-Mayczk as follows: "I have had an opportunity to staff this with my supervisor, Marcus Crenshaw. We believe that Mr. Pobre is sophisticated enough that we would [be] unable to monitor his computer usage. We would defer to the Court for any decision regarding this matter."

7.      In response thereto, Assistant United States Attorney Draughon informed undersigned Counsel via email that, "Our position remains the same for all of the previously stated reasons. The Government is opposed to Pobre having access to a computer in his home."

8.      It is beyond dispute that Defendant has a right to participate in his defense. In fact, Defendant has the right to represent himself and conduct his own defense if he wished to. There can be no dispute that some accommodation to allow Defendant to participate in the preparation of his defense requires access to a computer both for the purposes of substantive evaluation of the evidence (Counsel is not referring to alleged child pornography by this assertion) and for active and substantive participation in the review and editing of documents as well as the preparation of work product which has been continuously generated to inform and educate undersigned Counsel in the technical issues at hand in this case.

9.      Counsel has proposed that the Court permit Defendant to use the same desktop computer at his home which was used in Counsel's office and which has been confirmed to lack internet capabilities, pursuant to all of the same conditions that were followed when that same computer was used in undersigned Counsel's office pre-pandemic. Defendant would only be

permitted to use the computer under the supervision of his wife and who would serve as the conduit between undersigned Counsel's forwarding of electronic materials to the Defendant to be downloaded to a thumb drive and then transferred onto his non-internet-capable computer for his review of materials and contributions to his defense.

10. Counsel notes that Defendant and Ms. Valencic, as third-party custodian, have diligently complied with every condition of release placed upon them.

11. To be sure, the Government opposes this request but offers no alternative.

12. Defendant now asks this Honorable Court to modify Defendant's conditions of release as set forth in ECF 25 to permit him to use the same desktop computer system which he had been using in undersigned Counsel's office while at home but only under the supervision of his third-party custodian, Lynn Valencic, and without modifying that computer to permit internet access. Additionally, Defendant requests an explicit order permitting the Defendant to access an internet-capable computer for the purposes of upcoming court hearings which, it is Counsel's understanding, will occur via remote video on an internet platform.

**WHEREFORE**, the Defendant respectfully requests the following relief:

1. That this Honorable Court modify the conditions of release set forth in ECF 25 as requested herein.

2. Such further and additional relief as justice may require.

Respectfully submitted,

 /s/
Richard A. Finci, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of August, 2020, a copy of the foregoing Motion to Review Magistrate Judge's Denial of Defendant's Second Motion to Modify Order Setting Conditions of Release to Facilitate Defendant's Participation in His Own Defense was served via filing in the electronic filing system to the Dwight Draughon, Esquire, Office of the United States Attorney, 6406 Ivy Lane, Greenbelt, Maryland 20770.

/s/
Richard A. Finci, Esquire