THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | Case No.   8:19-cr-00348-PX |
| ALAKOM-ZED CRAYNE POBRE | : | |
| Defendant | : | |

### DEFENDANT'S MOTION FOR FRANKS HEARING AND INCORPORATED PROFFER IN SUPPORT THEREOF

COMES NOW, the Defendant, Alakom-Zed Crayne Pobre, by and through counsel, Richard A. Finci, Esquire and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC, pursuant to Franks v. Delaware, 438 U.S. 154 (1984), respectfully states as follows:

1. Defendant is charged in a single count Indictment with Possession of Child Pornography in violation of 18 U.S.C. §2256 (8)(A).

2. The Indictment generally alleges that on August 14, 2018, Child Pornography was found on a computer in Defendant's, as a result of the execution of a Search Warrant issued by a Maryland state District Court Judge authorizing Maryland State Troopers from the Computer Crimes Unit and embedded Homeland Security Investigators to conduct the search.

3. Defendant respectfully incorporates by reference the Statement of Facts and Relevant Background, Part II of the Memorandum in Support of Motion to Compel Discovery previously filed in this matter (ECF 32) for a further explanation of the workings of the Freenet network and software.

4. The Application and Affidavit for Search and Seizure Warrant upon which the Search Warrant was issued contains numerous material omissions of fact. *United States v. Colkley*, 899 F.2d 297 (4th Cir., 1990). The omissions were made either with intent to mislead the

issuing Judge or with reckless disregard for whether the omission would make the affidavit misleading. *Id*.at 301-02.

     5.     For example, Defendant proffers that the Affiant failed to disclose to the issuing Judge, which the Discovery in this case now clearly reveals, that the allegation that his IP address was the original requestor of child pornography files was based upon the systematic warrantless surveillance of encrypted content passing over the *Freenet* network, the network over which the Defendant's computer was running according to the Search Warrant. This warrantless surveillance is revealed in Discovery in a single page report provided entitled *Freenet Target Summary*. See *Exhibit 1*. The report, again obtained warrantlessly, purportedly contains the results of a complex series of statistical analyses based upon the interception and logging of data and content of transmissions passing over the internet via the *Freenet* network through use of a secret algorithm which the Government has thus far refused to provide in Discovery. The Affiant also failed to disclose to the affiant that one of the *Freenet* Target Summary reports was logged over a period of nearly 48 hours, far longer than the "set window of time" required by the authors of the source code to validate the results used to obtain a search warrant. See *Exhibit 2 – Statistical Detection of Downloaders in Freenet (Levine paper) at page 5.*

     6.     Defendant further proffers that the Affidavit also failed to disclose, which the Discovery in this case now clearly reveals, that in conducting this surveillance, the Affiant utilized secretly modified *Freene*t software and the Judge was provided with limited information as to how this modified software works. Discovery revealed and Defendant further proffers that Freenet software was modified by a team from the University of Massachusetts to "do something it ordinarily doesn't do." See *Exhibit 3 – Excerpts of the testimony of Dr. Brian Levine pgs 25-6,*

*54-62 & 76-78 at pg.78.*

7.     Defendant further proffers, which the Discovery in this case now clearly reveals, that the Affidavit failed to disclose the high, minimum false positive rate of 15 per day (*See Exhibit 2 – Statistical Detection of Downloaders in Freenet (Levine Paper) at pg. 7*) and that the detection of false positive results based on the undisclosed purpose and meaning of "hops to live" value of 16, is not included in the *Freenet* Target Summary report. Moreover, the Affidavit fails to reveal that 5 separate IP addresses were associated with the Defendant's home thus multiplying the chance of false positives implicating that home with a false positive on one of those addresses. Failure to disclose these albeit technically complex issues denied the Magistrate the full opportunity to evaluate the totality of the circumstances for issuance of the Search Warrant.

8.     Defendant further proffers that Affiant misleadingly represented himself as an expert that could certify the techniques used in the case, when in fact he relied entirely on hearsay from undisclosed third parties. It is insufficient if the officer's suspicions "derived entirely from information given him by law enforcement officers and other persons[…], none of whom either appeared before the Commissioner or submitted affidavits." (*Nathanson v. United States*, 290 U.S. 41 (1933)).

9.     Additionally, Defendant proffers that the "Freenet user wishing to download a file must first locate the file's manifest key" is materially misleading. The affiant did not disclose that such keys can be embedded in webpages or can be embedded in unsolicited emails causing an involuntary request for illegal material such as child pornography. This misleading allegation was included by the affiant to overcome the requirement that more than the single click of a button was the event leading to the request for child pornography. *See United States v. Bosyk*,

933 F. 3d 319 (4th Cir., 2019).

10.     The inclusion and/or omission by Trooper Mills of any one or all of these proffered elements denied the Maryland District Court Judge the opportunity to evaluate for himself whether the original requestor *Freenet* node of known child pornography could actually be determined using the secret software with a "fair probability" and whether the "volume of requests received [for a particular file block] is significantly more likely than not from the original requestor." Had this sort of information been provided, the Judge would have determined that the Search Warrant lacked probable cause in that there was in fact no claim that the Defendant's IP address and, in turn, his computer, was associated with actually receiving child pornography rather than unknowingly relaying requests for blocks of child pornography files transmitted and received over the internet through the use of the *Freenet* network software.

**WHEREFORE**, the Defendant respectfully requests the following relief:

1.     That a Franks Hearing be held in this matter;

2.     That the Court review the Application and Affidavit for Search and Seizure Warrant, excise any of its contents which the Court finds to have been illegally obtained;

3.     That the Court find that the Search Warrant lacked Probable Cause in the absence of the excised content;

4.      For such further and additional relief as justice may require.

Respectfully submitted,

/s/
Richard A. Finci, Esquire, Bar #03347
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 17th day of August, 2020, a copy of the foregoing Defendant's Motion for Franks Hearing and Incorporated Proffer in Support Thereof was served via filing in the electronic filing system to Dwight Draughon, Esquire and Joseph Baldwin, Esquire, Office of the United States Attorney, 6500 Cherrywood Lane, Suite 400, Greenbelt, Maryland 20770.

               /s/_____
               Richard A. Finci