THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | :   Case No.   8:19-cr-00348-PX |
| ALAKOM-ZED CRAYNE POBRE | : |
| Defendant | : |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

COMES NOW, the Defendant, Alakom-Zed Crayne Pobre, by and through counsel, Richard A. Finci and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), and Federal Rule of Criminal Procedure 41(h), and respectfully moves to suppress evidence and in support thereof states as follows:

1. Defendant is charged in a single count Indictment with Possession of Child Pornography in violation of 18 U.S.C. §2256 (8)(A).

2. The Indictment generally alleges that on August 14, 2018, Child Pornography was found on a computer in Defendant's home as a result of the execution of a Search Warrant issued by a Maryland state District Court Judge authorizing Maryland State Troopers from the Computer Crimes Unit and embedded Homeland Security Investigators to conduct the search. *See Search and Seizure Warrant – Exhibit 1 and Application and Affidavit for Search and Seizure Warrant – Exhibit 2 to Defendant's Consolidated Memorandum in Support of Motion to Suppress Physical Evidence and in Reply to Government's Response to Motion to Compel Discovery, incorporated herein by reference*.

3. The Application and Affidavit for Search and Seizure Warrant upon which the Search Warrant was issued failed to disclose to the issuing Judge that the underlying allegation that Defendant was "significantly more likely than not" to have been the originating requestor of

certain child pornography files which had passed over the "*Freenet*" network was based upon the systematic illegal warrantless surveillance of the network. The Affidavit also fails to disclose that, to conduct this warrantless surveillance, the Affiant utilized secretly modified Freenet software and the state Judge was provided with no information as to how this modified software works by warrantlessly logging data and encrypted content and then comparing the encrypted content to a database in order to identify that content. Defendant respectfully incorporates by reference the Statement of Facts and Relevant Background, Part II of the Memorandum in Support of Motion to Compel Discovery previously filed in this matter (ECF 32) for a further explanation of the workings of the *Freenet* network and software.

4. Defendant had a legitimate expectation of privacy in transmissions routed from his computer using *Freenet* and the interception and logging of the data and content of these transmissions without a warrant constituted an unlawful search and seizure. *Katz v. United States*, 389 U.S. 347, 351 (1967), *Kyllo v. United States*, 533 U.S. 27, 33 (2001), *United States v. Jones*, 565 U.S. 400, 403 (2012), *Carpenter v. United States*, 585 U.S. _, 138 S. Ct. 2206 (2018).

5. If the illegally obtained content of the Search Warrant is excised from the Application and Affidavit for Search and Seizure Warrant, probable cause for the issuance of the Search Warrant for Defendant's home and computer system would have been lacking. *Franks v. Delaware*, 438 U.S. 154, 171-2 (1978) & *United States v. Karo*, 468 U.S. 705,719 (1984) (illegally seized evidence critical to establishing probable cause for the issuance of the warrant invalidates the warrant unless sufficient untainted evidence was otherwise presented in the warrant affidavit.).

6. Alternatively, the Application and Affidavit for Search and Seizure Warrant does not contain within its four corners Probable Cause to believe that the Defendant possessed Child

Pornography for the following reasons:

    A.    The "even share" statistical analysis upon which probable cause for the Search Warrant was based is fundamentally flawed and does not establish the requisite likelihood under the totality of circumstances test for probable cause that evidence of the crime of possession of child pornography would be found on the computer system at Defendant's home.

    B.    Additionally, the child pornography files which were allegedly detected as having probably been requested by the Defendant were not found on any of his computers nor were any illegal files found on the computer behind the IP address in the warrant.

    C.    The affidavit does not contain facts or describe circumstances that establish that the target intentionally sought the detected videos. Probable cause in this context requires "circumstances suggesting the person behind that click plausibly knew about and sought out that content." See *United States v. Bosyk*, 933 F.3d 326 (4th Cir.,2019). The affidavit does contain the inaccurate statement that the "Freenet user wishing to download a file must first locate the file's manifest key." However, as recognized by the majority in Bosyk, an "IP address could have connected with a link containing child pornography in a variety …of different ways." Id at 328. The statistical analysis upon which the affiant relies, which he admits is not conclusive, does not satisfy that standard and no other relevant information about the owner of the IP address is provided.

    7.    A Search Warrant must be supported by Probable cause. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place."

*Illinois v. Gates,* 462 U.S. 213, 238 (1983). Evidence obtained by searches conducted in violation of the Fourth Amendment must be suppressed, pursuant to the exclusionary rule. *Mapp v. Ohio*, 367 U.S. 643 (1961).

    8.    The good faith exception does not apply either because reliance upon the warrant was not objectively reasonable or because the good faith exception does not apply to a search warrant that violated *Franks*. *United States v. Colkley*, 899 F. 2d 297, 300 (1990). The Maryland District Court Judge was misled by information in the affidavit that the affiant knew was false in that he omitted material information about the warrantless nature of the *Freenet* surveillance program and/or the Maryland District Court Judge wholly abandoned his detached and neutral role. The Judge was not provided sufficient explanation to evaluate the means by which the facts averred in support of probable cause were obtained, nor was he provided sufficient information to properly consider whether the "even share" statistical formula upon which the alleged "fair probability" that Defendant's computer system was the original requestor of the material, was based nor was he provided any circumstances suggesting the person behind the address plausibly knew about and sought out the material.. Instead, he just accepted the bare conclusions of the affiant. *United States v. Leon,* 468 U.S. 897 (1984).

    9.    Defendant incorporates herein by reference the <u>Consolidated Memorandum in Support of Defendant's Motion to Suppress Physical Evidence and in Reply to the Government's Response to Motion to Compel Discovery</u> filed contemporaneously herewith.

**WHEREFORE**, the Defendant respectfully requests the following relief:

    1.    That Defendant's Motion to Suppress be granted;

    2.    That all evidence which was directly seized or were the fruits of any search or seizure found to be illegal be excluded from evidence at the Trial of this matter.

3. That the Court hold a hearing on Defendant's Motion;

4. That the Court permit Defendant to supplement this Motion upon receipt of further information and Discovery.

5. For such further and additional relief as justice may require.

Respectfully submitted,

/s/
Richard A. Finci, Esquire, Bar #03347
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August, 2020, a copy of the foregoing Defendant's Motion to Suppress Physical Evidence was served via filing in the electronic filing system to Dwight Draughon, Esquire and Joseph Baldwin, Esquire, Office of the United States Attorney, 6500 Cherrywood Lane, Suite 400, Greenbelt, Maryland 20770.

/s/
Richard A. Finci