IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : Case No.   8:19-cr-00348-PX |
| ALAKOM-ZED CRAYNE POBRE | : |
| Defendant | : |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENT
AND ACCOMPANYING POINTS AND AUTHORITIES**

COMES NOW, the Defendant, Alakom-Zed Crayne Pobre, by and through counsel, Richard A. Finci and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), and Federal Rule of Criminal Procedure 41(h), and respectfully moves to suppress evidence and in support thereof states as follows:

1. Defendant is charged in a single count Indictment with Possession of Child Pornography in violation of 18 U.S.C. §2256 (8)(A).

2. The Indictment generally alleges that on August 14, 2018, Child Pornography was found on a computer in Defendant's home upon the execution of a Maryland state Search Warrant. The execution of the Search Warrant began at approximately 5:15 a.m. and lasted through August 15, 2018 at approximately 7:45 p.m. The execution of the Search Warrant was apparently technically challenging as Defendant had numerous Computers, servers and devices which Officers claim were running a complex system.

3. During the execution of that Search Warrant, Trooper First Class C. Mills of the Maryland State Police Computer Crimes Section, who was the affiant on the Search Warrant, along with Special Agent DiAntonio from Homeland Security Investigations, attempted to conduct an interview of the Defendant. After allegedly reading the Defendant his Miranda rights

at approximately 6:50 a.m., nearly 1 ½ hours after Officer's entered his home, and allegedly before questioning him, the Defendant was told that the Officer's would not be able to answer any questions as to why they were present at his home executing a Search Warrant unless he first waived his Miranda rights. The Defendant then allegedly proceeded to waive his Miranda rights, executing an MSP-180 form entitled Advice of Miranda Rights. This interview was recorded and the recording has been provided in Discovery.

4. Shortly after being Mirandized and allegedly waiving his Miranda Rights, when Defendant was asked whether he had ever seen any child pornography, Defendant unequivocally and unambiguously invoked his right to counsel. The Officer's acknowledged his invocation and although there was a brief further interrogation, there appears to have been no further conversation after 5:54 a.m. However, 11 hours later, at 4:40 p.m., without readvising Defendant of his Miranda Rights, Trooper Mills reinitiated the interrogation of the Defendant even though he had previously unequivocally invoked his right to counsel. A few questions were asked of the Defendant when, in short order, Defendant again invoked his right to counsel and unambiguously his right to remain silent, stating to Trooper Mills "there is nothing more you can do for me and at this point I might need a lawyer, so the interview is at an end." Although Trooper Mills stated on the recording that the time was 6:23 p.m., it appears that either the start or end time of that portion of Defendant's statement is erroneously recorded. Nevertheless, at approximately 6:50 p.m., Trooper Mills again reinitiated contact with the Defendant in a recorded interview. At this point, Defendant was re-advised of his Miranda Rights. Sgt. Bidel of the Maryland State Police was also involved in this portion of the questioning. By this time, investigators had been in Defendant's home for over 12 hours and had asked the Defendant for password access to his system, etc., in the hope that he would assist them in their forensic

investigation of his computer system.

5. Additionally, on October 2, 2018, at approximately 8:00 a.m., Defendant surrendered at the Maryland State Police College Parks Barracks upon arrangements made with Trooper Mills through undersigned counsel and only after Trooper Mills obtained a Maryland State Arrest Warrant charging the Defendant. Trooper Mills was indisputably aware that Defendant had invoked his right to counsel and right to remain silent as counsel had previously had numerous conversations with him. Additionally, by this time, Defendant's 6th Amendment right to counsel had attached.

After being arrested at the Barracks, Defendant was transported to the Prince George's County Detention Center by Trooper First Class Mueller. During this transport, Defendant is alleged to have made arguably incriminating statements while he was "being advised of the booking process."

6. The Defendant moves to suppress those statements under the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

7. The Defendant's statements were obtained in violation of Defendant's privilege against self-incrimination, and his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, in violation of the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Missouri v. Seibert*, 542 U.S. 600 (2004) and *Rhode Island v. Innis* 446 U.S. 291 (1980); *Rothgery v. Gillespie County, Texas*, 554 U.S. 191(2008)(as to Defendant's 6th Amendment Right to Counsel), and were otherwise involuntary. While Officers recognized that Defendant invoked his right to remain silent and his right to counsel, during the very lengthy period of time that the Search Warrant was being executed, they failed to scrupulously honor Defendant's invocation of rights. Unless the Government can

establish that Defendant himself reinitiated the questioning, the continuing interrogation was in violation of the Defendant's 5th Amendment rights. See *Oregon v. Bradshaw*, 462 U.S. 1039 (1983).

8. Additionally, the Defendant's statement was taken from him while he was illegally detained without probable cause to arrest him in violation of his 4th Amendment rights. *Brown v. Illinois*, 422 U.S. 590(1975).

9. In order to be admissible, a Defendant's statement must also be shown to have been "the product of an essentially free and unconstrained choice by its maker." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). If the defendant's "will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." Id. In determining whether a defendant's will was over-borne in a particular case, the Court has assessed the totality of all the surrounding circumstances -- both the characteristics of the accused and the details of the interrogation. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). The Government bears the burden of proving by a preponderance of the evidence that any statements made by the Defendant were voluntarily made. In determining whether a defendant's statements were voluntary, the court must examine the "totality of the circumstances," including the defendant's individual characteristics and background, the setting in which the statements occurred, and the details of the interrogation. *United States v. Elie*, 111 F.3d 1135, 1143-44 (4th Cir. 1997).

**WHEREFORE**, the Defendant respectfully requests the following relief:

1. That Defendant's Motion to Suppress Statement be granted;
2. That the Court hold a hearing on Defendant's Motion;
3. That the Court suppress any statements made by the Defendant; and

4.  Such further and additional relief as justice may require.

>Respectfully submitted,
>
>/s/
>Richard A. Finci, Esquire, Bar #03347
>Houlon, Berman, Finci & Levenstein, LLC
>7850 Walker Drive, Suite 160
>Greenbelt, Maryland 20770
>finci@houlonberman.com
>Telephone: (301) 459-8200
>Facsimile: (301) 459-5721

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August, 2020, a copy of the foregoing Defendant's Motion to Suppress Statement and Accompanying Points and Authorities was served via filing in the electronic filing system to Dwight Draughon, Esquire and Joseph Baldwin, Esquire, Office of the United States Attorney, 6500 Cherrywood Lane, Suite 400, Greenbelt, Maryland 20770.

>/s/
>Richard A. Finci