IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND | : |
| vs. | :   Case No.   8:19-cr-00348-PX |
| ALAKOM-ZED CRAYNE POBRE | : |
| Defendant | : |

## DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY

Comes now the Defendant, Alakom-Zed Crayne Pobre, by and through counsel, Richard A. Finci, Esquire and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC, and respectfully moves for an order compelling the Government to provide certain discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i) and (ii) and in support thereof, states as follows:

1. By Motion and Memorandum filed at ECF 31 & 32, Defendant has moved for an Order compelling Discovery of the network investigative software which the Maryland State police utilized to surveil the Freenet network and ultimately to obtain a Search Warrant for Defendant's home and computer systems. That Motion is presently scheduled for a hearing before this honorable Court on October 9, 2020.

2. By email dated September 17, 2020, undersigned counsel requested additional Discovery, specifically as follows:

    A. "Any user or training manual or other documentation referred to by Troopers Mills in using the modified Freenet software and/or to interpret the results of the "Freenet Target Summary" already provided in Discovery.

        B.        The recently provided Levine paper says in it that it has been peer reviewed. Please provide any peer review feedback and a list of the peer review instances being cited.

        C.        A copy of National Science Foundation Award Number 1816851.

        D.        A copy of the Signature Interdisciplinary Research Area Grant from the Rochester Institute of Technology that provided funding for the program development."

3.        By telephonic discussion on October 2, 2020 and follow up correspondence dated October 5, 2020, AUSA Draughon informed undersigned counsel that the Government declined to provide this additional Discovery.  Firstly, the Government claims that it does not possess any of the items requested. Secondly, as to Item A, the Government adopts the lack of materiality and law enforcement privilege argument that it is asserting over the request for the software itself. The Government indicates that it believes, but has not confirmed, that Trooper Mills, the investigating officer, may possess a user or training manual. It is unclear whether the Government is thereby suggesting that it would not seek a protective order claiming Law Enforcement privilege if a subpoena were to be issued to Trooper Mills for production of the user or training manual.

4.        Defendant adopts the arguments previously made in the original Motion to Compel Discovery and in Reply to the Government's response as to both the materiality of the documents requested to the Defendant's defense and in response to the Government's claim of Law Enforcement privilege.

5.        The requested Discovery has the following additional materiality to the preparation of the defense in this case pursuant to Rule 16(a)(1)(E)(i):

        A.        As to the "user or training manuals…"

    I.      to determine whether Trooper Mills used the software correctly;

    II.      to determine whether Trooper Mills followed the protocols for operating the investigative software as set forth by Dr. Levine and his team;

    III.      to determine whether Trooper Mills interpreted the results obtained on the "Freenet Target Summary" correctly with regard to whether Defendant was an originator or relayer of a request for the target files, etc.;

    IV.      to determine whether Trooper Mills must or may interpret the "Freenet Target Summary" in any manner; and

    V.      for preparation of cross examination and impeachment of Trooper Mills.

B.    As to the request for the mentioned peer review feedback- Peer review feedback to the Levine paper concerning the Network Investigative Technique at issue is material to preparation of the cross-examination of Dr. Levine, PhD, the Government expert witness on the Network Investigative Technique ["NIT"] at issue. Peer review feedback potentially reveals instances of predictable error amplification that impact reliability of the NIT.

C.    As to the request for a copy of the National Science Foundation Award Number 1816851 mentioned in Paragraph 11 of the second Levine paper- Discovery of the Documentation associated with National Science Foundation Award Number 1816851 ["NSF Award"] is material to preparation of the cross-examination of Dr. Levine. The NSF Award,

        itself, is publicly available and attached as Exhibit 1 to this motion. The NSF Award does not contain detailed information about the proposed research or deliverables, nor the scope of the research approved. The information is material to determining whether the Network Investigative Technique developed and employed in this case should be subject to Fourth Amendment supervision by the court.

    D.    As to the request for a copy of the Signature Interdisciplinary Research Area Grant from the Rochester Institute of Technology that provided funding for the program development mentioned in Paragraph 11 of the second Levine paper - Discovery of the Signature Interdisciplinary Research Area Grant ["Grant"] from the Rochester Institute of Technology that provided funding for the NIT program development is material to preparation of the cross-examination of Dr. Levine. There does not appear to be publicly available information about the scope or objective of the Grant. The information is material to determining whether the Network Investigative Technique developed and employed in this case should be subject to Fourth Amendment supervision by the court.

6.    Counsel respectfully certifies that the parties made good faith efforts to resolve this Discovery dispute.

**WHEREFORE**, Defendant respectfully requests the following relief:

1.    That this Honorable Court grant Defendant's Second Motion to Compel Discovery.

2.    Such further and additional relief as justice may require.

Respectfully submitted,

/s/
Richard A. Finci, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October 2020, a copy of the foregoing Defendant's Second Motion to Compel Discovery was served via filing in the electronic filing system to the Dwight Draughon, Esquire, Joseph Baldwin, Esquire Office of the United States Attorney, 6406 Ivy Lane, Greenbelt, Maryland 20770.

/s/
Richard A. Finci, Esquire