

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

| | | | |
|---|---|---|---|
| *Dwight J. Draughon, Jr.* | *Mailing Address:* | *Office Location:* | *DIRECT: 301-344-4237* |
| *Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | *MAIN: 301-344-0863* |
| *Dwight.Draughon@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | *FAX: 301-344-4516* |

October 8, 2020

The Honorable Paula Xinis
United States District Judge
   for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:   <u>United States v. Alakom-zed Crayne Pobre</u>
        Crim. No. PX-19-348

Dear Judge Xinis:

      The Government writes to notify the Court that the Government objects to the Defendant's last minute attempt to call any expert during the October 9, 2020 hearing on the Defendant's motion to compel discovery. The Government did not receive notice of the anticipated defense expert until October 7, 2020, *see* Ex. 1, and such notice is woefully deficient pursuant to Federal Rule of Evidence 16(b)(1)(C).

      The Defendant has had over a year to select and identify an expert in this matter. The vast majority of the discovery in this matter was provided in August 2019, and the Government identified its expert, Dr. Brian Levine, in November 2019. The Defendant's motion to compel was filed on February 3, 2020, the Government's response was filed on February 26, 2020, and the Defendant's Reply was filed on August 17, 2020.

      On October 7, 2020, defense counsel informed the Government that the Defendant may file an affidavit on behalf of Mark Lanterman, or if the affidavit does not arrive prior to the hearing, will call him as an expert in the hearing scheduled for October 9, 2020. The Defendant is proposing to offer expert testimony despite providing the potential expert's identity less than two days before the hearing. Furthermore, the Defendant has only presented conjecture as to what the witness may assert if allowed to testify as an expert, which does not satisfy the expert notice requirement of Rule 16. The Defendant has not given the Government sufficient notice to assess Mr. Lanterman's expertise and analyze his opinions. The Defendant has not provided any affidavits, reports, or prior testimony from Mr. Lanterman.

      In light of the Defendant's late disclosure, the Government objects to the Defendant being permitted to call Mark Lanterman or any other witness during the hearing for the Defendant's

motion to compel. The Government proposes that the Court preclude the Defendant from calling any witness for the hearing and proceed as scheduled. The Government also proposes that the Court not consider any affidavits filed before the hearing tomorrow. If the Court decides to postpone the hearing, the Government proposes that the Court hear arguments for the Defendant's motion to compel along with the Defendant's motion to review release order (ECF No. 44), motion for a Franks Hearing (ECF No. 45), motion to suppress physical evidence (ECF Nos. 46 & 47), and motion to suppress statements (ECF No. 48).

        Respectfully,

        Robert K. Hur
        United States Attorney

        _____
        Dwight J. Draughon
        Joseph R. Baldwin
        Assistant United States Attorneys

cc:    Counsel via ECF