IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-19-348 |
| | * | |
| ALAKOM-ZED CRAYNE POBRE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

******

GOVERNMENT'S OMNIBUS SUR-REPLY
IN OPPOSITION TO DEFENDANT'S MOTIONS

The United States of America, by and through its attorneys, respectfully submits this sur-reply in opposition to Defendant Alakom-Zed Pobre's motion to review release order, ECF No. 44, motion for a *Franks* Hearing, ECF No. 45, motion to suppress physical evidence, ECF Nos. 46 & 47, and motion to supress statements, ECF No. 48. Pobre's reply, ECF No. 57, appears to focus Pobre's motion to suppress physical evidence and motion to suppress statements. With nothing further to add to the Government's response to Pobre's motion to suppress statements, the following responds to additional arguments made by Pobre in support of his motion to suppress physical evidence. For the reasons stated below and in the Government's omnibus opposition, ECF No. 50, the motions should be denied.

I.      BACKGROUND

For a summary of Freenet and how law enforcement determines the IP address of a particular user, please see the Government's memorandum opposing Pobre's motion to compel, which is docketed as ECF No. 35. And, for a summary of the search warrant affidavit and the statements made by Pobre to law enforcement, please see the Government's omnibus response in opposition to Pobre's motions, which is docketed as ECF No. 50.

On July 22, 2019, a Grand Jury for the District of Maryland charged Pobre with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2). The charge is not based on Pobre's suspected Freenet activity. Since then, Pobre has filed several motions, including a motion to compel discovery (ECF Nos. 31 and 32), a motion to review release order (ECF No. 44), a motion for a *Franks* Hearing (ECF No. 45), a motion to suppress physical evidence (ECF Nos. 46 & 47), and a motion to supress statements (ECF No. 48). Pobre's memorandum in support of his motion to suppress physical evidence included his reply to the Government's opposition to Pobre's motion to compel discovery. After a hearing with the Court on October 9, 2020, Pobre filed a reply to the Government's omnibus response. ECF No. 57.

## II.     ARGUMENT

### A.  Pobre had no expectation of privacy when he shared his IP address on Freenet.

Pobre uses inaccurate terminology and descriptions to obfuscate how law enforcement identified Pobre's IP address. However, Pobre's mischaracterizations do not change the reality that Pobre's IP address was identified because Pobre voluntarily shared requests for blocks associated child pornography files with an unknown collection of strangers on Freenet. Some of those strangers turned out to be law enforcement nodes that helped officers log and analyze those requests in order to identify Pobre's location. Pobre lacked any reasonable expectation of privacy in his Freenet requests.

Pobre appears to acknowledge that the case law permits law enforcement to pose as users and download files that a user offers to other users of the system, but argues that the method used on Freenet is different because it intercepts communications between Freenet users. ECF No. 57 at 4–5. This is incorrect. Pobre was not tracked. No one is tracked by law enforcement on Freenet. The software that law enforcement used to identify Pobre's IP address on Freenet did not search for potential downloaders or uploaders on Freenet. Law enforcement did not "intercept"

communications between Pobre and other Freenet users. Instead, law enforcement nodes passively logged IP addresses of Freenet users who requested blocks associated with known child pornography. The law enforcement nodes were the intended recipients of Pobre's requests.

Even if Pobre's requests for blocks associated with child pornography were intended for a third party and not the law enforcement node itself, Pobre would not be able to assert that he had an expectation of privacy under *Carpenter*. Less than three weeks ago, the United States Court of Appeals for the Eleventh Circuit found that *Carpenter*'s narrow exception does not apply to IP addresses. *See United States v. Trader*, No. 17-15611, 2020 U.S. App. LEXIS 37184, at *12–13 (11th Cir. Nov. 25, 2020). This is consistent with how the Fourth Circuit has interpreted the limited scope of *Carpenter* and its inapplicability to IP addresses. *See United States v. Wellbeloved-Stone*, 777 F. App'x 605, 607 (4th Cir. 2019) (finding that *Carpenter*'s rationale does not extend to IP addresses or subscriber information, so the defendant had no reasonable expectation of privacy in the subscriber information and the Government did not perform a Fourth Amendment search by obtaining that information). As previously noted, this Court and other courts considering the issue of privacy violations as it relates to the voluntary sharing of IP addresses in Freenet cases have rejected the argument that the identification of an IP address is a warrantless search that violates an expected of privacy. *See United States v. Hall*, ELH-16-469, ECF No. 61, 154:25–155:4 (D. Md. Sept. 21, 2017) ("To the extent that there's an allegation that the, that the pre-warrant investigation was improper, I credit Dr. Levine's testimony that Freenet, in terms of what it warns, makes, makes the information not private, and there's no expectation of privacy."); *see also United States v. Popa*, No. 19-3807, 2020 U.S. App. LEXIS 17212, at *12 (6th Cir. May 29, 2020) (finding that Popa voluntarily disclosed his IP address to Time Warner and lacked a legitimate expectation of privacy with his IP address).

**B. Trooper Mills's affidavit was based upon a reliable methodology.**

Pobre's argument that the methodology used to identify Pobre's IP address is unreliable belies the peer review and court review that the methodology has undergone. Every federal court that has considered a motion to suppress challenging the methodology applied here has denied the motion. *See United States v. Weyerman*, No. 19-88, ECF No. 45, at 12 (E.D. Pa. filed Jan. 3, 2020) ("A product of significant research and a deep knowledge of Freenet, the Algorithm is extraordinarily reliable, showing 98 to 100% accuracy in distinguishing between original requesters and relayers of Network files. This degree of accuracy compels the common-sense conclusion that Defendant was an original requester of the files he asks me to suppress."); *see also* ECF No. 49-1 at 11 (listing cases). Unlike the Black Ice white paper (ECF No. 57-2), which was published but not peer-reviewed, the methodology detailed by Levine, Liberatore, Lynn, and Wright has been peer-reviewed and scrutinized by federal courts.

As Dr. Levine will explain, the Black Ice project has nothing to do with this case. Not only is the methodology used here distinct from the Black Ice project, Theorem 1 in Section 4.2 mathematically proves that Black Ice is wrong. *See* ECF No. 49-1 at 4.

In an effort to introduce new arguments to support Pobre's request to review the source code used to identify his IP address—despite having already filed its motion and reply—Pobre makes unsubstantiated assertions about the methodology being unreliable. The Second Circuit recently found that a defendant was not prejudiced in any way when a district court denied the defendant's demand for disclosure of the program used by law enforcement and its source code. *See United States v. Clarke*, No. 18-1569-cr, 2020 U.S. App. LEXIS 34093, at *30 (2d Cir. Oct. 29, 2020). Similar to *Clarke*, Pobre has already been provided with significant insight into how law enforcement Freenet software works by having access to Dr. Levine's prior testimony in this Court and two peer-reviewed papers on the methodology. Unlike in *Clarke*, where the defendant

was charged with receipt, possession, and two counts of transportation of child pornography after

law enforcement used the BitTorrent system to download files from the defendant's computer, *id.*

at \*2, the case-in-chief against Pobre has nothing to do with Freenet. Even in a matter in which the

reliability of the law enforcement software was a material issue at trial, the Second Circuit found

no prejudice in the source code being withheld. This Court should similarly find that the source

code and the operating and training manuals sought are not material.[1] As the Second Circuit noted,

access to the source code would enable traffickers in child pornography to avoid detection and

"enable those seeking child pornography to find those files that had been identified by the

Government." *Id.* at \*28.

### III.    Conclusion

For the reasons set forth above and the Government's prior omnibus opposition, the

Government requests that the Court deny Defendant Pobre's motion to review release order (ECF

No. 44), motion for a *Franks* Hearing (ECF No. 45), motion to suppress physical evidence (ECF

Nos. 46 & 47), and motion to supress statements (ECF No. 48).

Respectfully submitted,

Robert K. Hur
United States Attorney

By:  _____

Dwight J. Draughon, Jr.
Assistant United States Attorney

Dated: December 14, 2020

---

[1] Since reviewing Pobre's reply, ECF No. 57, the Government has inquired about and obtained: peer review communications for ECF No. 49-1; the grant proposal for ECF No. 49-1; and the data related to the Freenet Target Summary included in the affidavit, which will be produced in PDF format. The files will be produced under seal after the Government has had a chance to make redactions.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2020, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are

registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dwight J. Draughon Jr.
Assistant United States Attorney