## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIMINAL NO. PX-19-348** |
| **ALAKOM-ZED CRAYNE POBRE,** | * | |
| | * | |
| **Defendant.** | | |
| | * | |

**\*\*\*\*\*\*\***

## GOVERNMENT'S CONSENT MOTION FOR A PROTECTIVE ORDER
## REGARDING DISCLOSURE OF DISCOVERY MATERIALS

The United States of America, by and through undersigned counsel, with the consent of the Defendant through counsel, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a Protective Order restricting copying and dissemination of materials disclosed related to certain law enforcement sensitive information that is part of an ongoing investigation of a particular internet-based network ("Protected Information"). A proposed Protective Order is attached. In support of this motion, the Government states as follows:

1.      On July 22, 2019, a federal grand jury returned a one-count Indictment charging the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b) and (b)(2).

2.      The investigation of this case was initiated based on the use of a particular internet-based network. The discovery materials that the Government intends to produce, pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16, include certain law enforcement sensitive information related to ongoing investigations related to this network. In particular, the Government plans to produce a redacted version of a validation report regarding the methodology used for the investigation and a copy of an Excel spreadsheet containing the formula

used in the investigation. To balance the Government's desire to make fulsome disclosures to defense counsel in this case with law enforcement sensitive information, the Government is seeking a protective order.

3.      Accordingly, good cause exists for this request, and the Government requests that this Court enter a discovery protective order requiring that defense counsel may not disseminate discovery items to anyone other than the defendant and members of defendant's litigation and investigative team. Defense counsel would not allow the defendant to copy or photograph the materials and would only allow the defendant to view the Protective Information in defense counsel's office. Moreover, the United States requests that defense counsel and defendant's litigation team be prohibited from disseminating information contained in the discovery materials to any other persons. Such disclosures would be prohibited even beyond the closure of this case.

4.      Rule 16(d)(1) of the Federal Rules of Criminal Procedure states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).  In addition, Standing Order 2020-01 provides procedures to be followed for the production and receipt of discovery materials.

5.      The United States and counsel for the Defendants conferred regarding a draft protective order proposed by the United States (the "Proposed Protective Order") and have reached an agreement with respect to all the provisions contained therein.

6.      A copy of the Proposed Protective Order is submitted herewith.

WHEREFORE, the Government respectfully requests that this Court, pursuant to Rule 16(d)(1) of Federal Rules of Criminal Procedure, grant the Government's Consent Motion for a Protective Order as specified above and enter the Proposed Protective Order, attached hereto.

Respectfully submitted,

Dwight J. Draughon
Joseph R. Baldwin
Assistant United States Attorneys