**UNITED STATES DISTRICT COURT**
*FOR THE*
**DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| United States of America | : |
| vs. | : Case No. 8:19-cr-00348-PX |
| ALAKOM-ZED CRAYNE POBRE | : |
| Defendant | : |

### DEFENDANT'S MOTION TO RECONSIDER AND AMEND COURT'S MEMORANDUM OPINION

Comes now the Defendant, Alakom-Zed Crayne Pobre, by and through counsel, Richard A. Finci, Esquire and the Law Offices of Houlon, Berman, Finci & Levenstein, LLC, G Arthur Robbins, Esquire, and CHESAPEAKE MERIDIAN, co-counsel, requesting That Court Reconsider and Amend its Memorandum Opinion of 15 April 2022 (ECF Document 81).

### *Introduction*

This case is about a centrally coordinated linked network of law enforcement computers domestically deployed as a surveillance system in an internet overlay known as Freenet. The Court issued a memorandum opinion stating that none of the users of Freenet possess any Fourth Amendment protection against the type of Government surveillance at issue here. (ECF Document 81 at pages 13 and 14) Defendant maintains that the Court's conclusion was incorrect and that the Government's deployment of the surveillance system at issue, without any judicial supervision, violates the

Fourth Amendment. However, even if the Court does not accept the Defendant's Fourth Amendment conclusion, the actual structure and functioning of the surveillance system could be misunderstood by a reader of the Opinion; therefore, the factual findings should be amended.

### *Findings at Issue*

The following facts need to be included to fairly reflect the reality of the Government System:

1) There are Law Enforcement Nodes spread across the Freenet. According to Brian Levine, there were 45 Law Enforcement Nodes in operation in June of 2018. (ECF Doc 80, transcript of testimony of 2 December 2021, at page 5)

2) Each Freenet Node has a median of 48 neighbors and approximately 99% have 69 or fewer neighbors. (ECF Doc 80, transcript of testimony of 2 December 2021, at page 6)

3) At any given time, Each Freenet Node has a 40 percent probability of being connected to a Law Enforcement Node as a neighbor. (ECF Doc 80, transcript of testimony of 2 December 2021, at page 7)

4) Over the course of a month, Freenet neighbors change, allowing nearly the total population of the Freenet to be observed. As an example, in Dr. Levine's study: "We received unique identifiers for over 42,000 nodes during January 2017, with an average of 4,200 per day (see Levine et al. 2017); and we received nearly 17,000 during March 2020, with an average of about 4,600 per day (see Levine et al. 2020).

The true count of the Freenet network size is likely larger as some nodes were surely not observed by our testing nodes." (ECF Doc 73-1, Para. 6.)

5) Freenet neighbors can be physically located anywhere – geographic proximity has no relationship to Freenet proximity. (ECF Doc 68, transcript of testimony of 8 October 2021, at page 151-152.)

6) Civilian Nodes may have multiple Law Enforcement Node Neighbors. This case contains reports from four different Law Enforcement Node Neighbors to the Node attributed to Defendant. (ECF Doc 47-3)

7) Law Enforcement Nodes transmit all intercepted block requests to ICAC Cops for screening against a law enforcement data base. (ECF Doc 80, transcript of testimony of 2 December 2021, at page 74.) That database has millions of blocks of files. (ECF Doc 80, transcript of testimony of 2 December 2021, at page 64.)

8) Block requests are meaningless without 1) a manifest to assemble them, or 2) a massive data base against which to compare them. (ECF Doc 80, transcript of testimony of 2 December 2021, at page 74.)

9) It is only by having the ability to gather a large number of block requests, and having the massive data base, that the Government is able to identify IP addresses of interest.

10) The Government surveillance system, ICAC Cops, can be reconfigured to search for Block requests for anything, if a set of

Block requests for the target file can be acquired. (ECF Doc 80, transcript of testimony of 2 December 2021, at page 78.)

11) ICAC Cops identifies the general geographic location of the IP address and refers the information to a Law Enforcement Officer in that geographic vicinity. (ECF Doc 68, transcript of testimony of 8 October 2021, at page 94, 195.) (Because a first level neighbor of a Law Enforcement Node can be located anywhere.)

### *Argument*

The factual differences influence perception of the surveillance system. First, there is no evidence to suggest that Trooper Mills made any of the intercepts at issue in this case. Second, block requests are meaningless to the Freenet nodes that pass them, or even that hold the blocks. This is far from shouting in a crowded room. The more factually similar analogy is the release of an envelope into the stream of mail, knowing that it will be handled by many people – one of whom could potentially steam the envelope open. The Government surveillance system, ICAC Cops, steams open 40% of the envelopes moving through Freenet every day. In this case, it was searching for evidence of CSAM; but the system can search for block requests related to anything. The ICAC Cops accumulation and screening of all block request data is a dragnet search of every person travelling the Freenet Road.

*Conclusion*

The Government is conducting a judicially unsupervised search of all users of the Freenet in contravention of the Fourth Amendment. The Defendant requests that the Court reconsider its Memorandum Opinion, to amend the findings of fact to reflect the true nature of the Government surveillance system known as ICAC Cops, and to issue an Order to suppress the evidence in this case as gathered in contravention of the Fourth Amendment.

Respectfully submitted,

___/s/_____
Richard A. Finci, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721


_____/S/_____
G Arthur Robbins (Federal Bar No. 09770)
CHESAPEAKE MERIDIAN
1997 Annapolis Exchange Parkway
Suite 300
Annapolis, Maryland 21401
443.454.7675
GarRobbins@ChesapeakeMeridian.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of June 2022, a copy of the foregoing Defendant's Memorandum in Support of Motion to Compel was served via filing in the electronic filing system to the Dwight Draughon,

Esquire, Joseph Baldwin, Esquire Office of the United States Attorney, 6406 Ivy Lane, Greenbelt, Maryland 20770.

                                                   /s/
                                  Richard A. Finci, Esquire