IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-19-348** |
| | * | |
| **ALAKOM-ZED CRAYNE POBRE,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*

## SUPPLEMENTAL PROTECTIVE ORDER

Upon consideration of the Consent Motion for a Supplemental Protective Order, the Court finds that to adequately assure the preservation of materials disclosed related to certain law enforcement sensitive information that is part of an ongoing investigation of a particular internet-based network ("Protected Material"), it is hereby **ORDERED**:

1. This Supplemental Protective Order governs material related to a certain portion (page 6) of the validation report for investigative software used by law enforcement on the Freenet network and any information contained therein, referred to herein as the "Protected Page."

2. This Supplemental Protective Order also governs any information, code, or data that may be derived from the information contained on the Protected Page, including (for example, and without exhaustion) any information derived from application of the Protected Page to spreadsheets, code, or other diagnostic tool.

3. The two foregoing paragraphs collectively describe the "Protected Material" to which this Supplemental Protective Order applies.

4. The United States will provide a single, paper copy of the page 6 of the validation report to defense counsel in a clearly marked manila envelope with a red sticker.

5. The following apply to the Protected Page:

    a. Only defense counsel and disclosed defense experts who have acknowledged by signature this Supplemental Protective Order in a writing served on Government counsel may have access to the Protected Page. The Defendant shall not be given access to the Protected Page in any form or by any method.

    b. In addition to the acknowledgment served on Government counsel, any individual given access to the Protected Page will sign the outside of the manila envelope containing the Protected Page before gaining physical access to the Protected Page.

    c. No copies—whether physical, photographic, digital, or otherwise--may be made of the Protected Page.

    d. For the sole purpose of testing the conclusions of the validation report, notes may be taken from the Protected Page or information from the Protected Page may be incorporated into spreadsheets, code, or an algorithm to test the conclusions of the validation report. All such derivative information will be treated as Protected Material under this Supplemental Protected Order. Information from the Protected Page will not be used for any other purpose(s).

6. The following apply to Protected Material:

    a. Protected Material shall only be shared with or accessed by defense counsel and disclosed defense experts who have acknowledged by signature this Supplemental Protective Order in a writing served on Government counsel.

    b. Defense counsel and disclosed defense experts shall keep all Protected Material in a secure location where it is only accessible to individuals who have acknowledged this Supplement Protective Order in writing.

    c. Protected Material shall not be shared with the Defendant, whether orally, visually, in writing, or otherwise. Protected Material shall not be disclosed to the Defendant in any form. The Defendant may not, for example, be given access to any spreadsheet or code derived from information found in the Protected Page.

    d. Protected Material shall not be used or referred to outside of this case. In particular, the Protected Page and any information originating, extracted, or derived from the Protected Page shall not be used outside of this case.

7. The procedures for use of Protected Materials or designated confidential documents during any potential hearing or potential trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting confidential documents to remove sensitive information, requesting the court to submit such documents under seal, requesting that any exhibit be placed under seal, introducing summary evidence where practicable which may be more easily redacted, and assuring that all Protected Materials have been redacted. No party shall disclose designated Protected Materials or designated confidential documents in open Court without consultation with opposing counsel and prior consideration by the Court. No party shall file documents containing Protected Materials to the Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Materials is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted.

8. The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

9. Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed unless and until otherwise ordered by this Court.  Protected Material will not be unsealed without notice and opportunity for the Government to respond to any request to unseal.

10. The Protected Page, including the envelope with signatures in which it has been enclosed, shall be returned to the United States Attorney's Office within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Fourth Circuit or Supreme Court of the United States.

11. All defense counsel and defense experts who have had access to the Protected Page and/or Protected Material will serve a written acknowledgment on Government Counsel that all Protected Material has been destroyed within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Fourth Circuit or Supreme Court of the United States.

12. Should any Protected Material be disclosed in a manner not authorized by this Protective Order by defense counsel or a defense expert or anyone else, then the defense counsel shall use his or her best efforts to obtain the return of any such Protected Material and to bind the recipient of Protected Material to the terms of this Order and shall, within two business days of the discovery of such disclosure, inform the counsel for the Government in writing of the unauthorized disclosure and identify such recipient.

13. Both parties shall use their best efforts to confer with the opposite parties with regard to this Order before seeking relief from the Court, and neither party shall seek to have the Court

impose sanctions pursuant to Rule 16(d)(2) without providing the other party with notice at least 3 business days in advance.

14. This Order shall survive the termination of this case and shall continue in full force and effect thereafter.

15. Any individual who acknowledges this Supplemental Protective Order for the purpose of gaining access to the Protected Page or Protected Material consents to the jurisdiction of this Court for disciplinary action, including contempt, for knowing violation of this Supplemental Protective Order.

16. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

17. The parties agree that the provisions of Standing Order 2020-01, the Protective Order found at ECF 87, and 18 U.S.C. § 3509(d) control the production and retention of all other discovery materials.

DATED this _____ day of July 2022.

_____
Paula Xinis
United States District Judge