IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-19-348 |
| | * | |
| ALAKOM-ZED CRAYNE POBRE. | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## JOINT STATUS REPORT

The United States of America, by and through undersigned counsel and defendant Alakom-Zed Crayne Pobre ("Defendant"), by and through undersigned counsel, submit this joint status report as directed by the Court in the Order dated February 7, 2023 (ECF No. 104).

1. Pending before the Court are Defendant's Motion for a *Franks* Hearing and Motion to Suppress Physical Evidence. (ECF Nos. 45, 46.) The Court bifurcated Defendant's Motion to Suppress, previously denying the Defense assertion that the surveillance of the Freenet system by a program known as "Freenet Roundup" was a search implicating Defendant's Fourth Amendment rights.

2. After ruling that no search had occurred prior to the issuance of the Search Warrant herein, the Court granted Defendant's Motion to Compel Discovery and ordered certain materials provided. (ECF Nos. 81, 97) Those materials were provided to the Defense and examined by a Defense expert. On October 22, 2022, the report of the Defense expert was provided to the Government detailing what the Defense believes are errors found in the programming of the "Freenet Roundup" spreadsheet.

3. The issue for the Court to decide, from the Defense perspective is:

      a.      Does the Defense expert report expose defects that show the Excel spreadsheet programming, wholly relied upon by the Affiant (Trooper Mills) for probable cause, was systemically defective and therefore the warrant should be suppressed?

4.      The issue for the Court to decide, from the Government's perspective is:

      a.      Does the Defense's expert report show any material problems at all, and if so, are they of any significance such that they would warrant suppression?

5.      The parties currently believe the underlying facts with regard to the Defense expert's report analyzing the Excel spreadsheet are not in dispute.

6.      Because there does not appear to be a factual dispute, the Government wishes to provide a report prepared by Dr. Levine (in lieu of his live testimony) regarding the Defense expert report and believes proceeding in this manner is the most efficient use of the Court's time, but can proceed with the hearing on March 31, 2023, if necessary.

7.      Given that the Defense has not yet received the proposed report, while the Defense agrees in principle that submission of stipulated facts would be a more efficient use of the Court's time, the Defense is nevertheless prepared to appear for the scheduled hearing to argue the issues at hand.  The Defense is not clear as to whether cross examination of Dr. Levine will be required to further elucidate and clarify his opinion.

8.      The Government proposes the following schedule moving forward:

      a.      The hearing for expert testimony scheduled for March 31, 2023, be vacated.

      b.      A report from Dr. Levine regarding the Defense Expert's report is being prepared and will be provided to the Defense on or before April 14, 2023.

      c.      The Defense will then file a Supplemental Memorandum by May 5, 2023.

    d.    The Government will then file its responsive Memorandum by May 19, 2023.

    e.    Then, if the Court wishes, a hearing will be held, or a ruling will be made on the papers.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
      G. Michael Morgan, Jr.
      Assistant United States Attorney

Digitally signed by GARY MORGAN
Date: 2023.03.24 22:17:46 -04'00'

By: _____/s_____
      Richard A. Finci, Esq.
      G. Arthur Robbins, Esq.
      Counsel for the Defendant