IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| vs. | | | |
| ALAKOM-ZED CRAYNE POBRE | : | Case No. | 8:19-cr-00348-PX |
| Defendant | | | |
| | : | | |

## REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM ADDRESSING FRANKS AND SUFFICIENCY OF PROBABLE CAUSE ISSUES

The Government has filed its *Response in Opposition to Defendant's Supplemental Memorandum Addressing Franks and Sufficiency of Probable Cause Issues* (ECF 108). The Defendant submits this brief Reply to address the Government's assertions, made for the first time in this protracted litigation, that a single, presumably error free, run which passes the Levine statistical technique would be sufficient to establish probable cause.

**I.    The Government's argument that the Excel validation results related to File of Interest 1, standing alone, are sufficient to establish probable cause, is based upon factually incorrect premises and an apparent misunderstanding of the Levine investigative technique.**

Contrary to Trooper Mills own testimony and Dr. Levine's 2020 paper, the Government now claims for the first time, that a single run which passes the Excel spreadsheet validation testing would be sufficient to establish probable cause to search a Freenet users' computer. Curiously, the Government acknowledges and does not contest Trooper Mills testimony that "if there's not three or more [runs of files of interest], you can't go further with the investigation" (ECF 68 at 199:14-15) but, nevertheless, goes onto analogize the observation of one passed run as equivalent to the observation of a single physical CSAM image in plain view in a hypothetical

suspect's vehicle. This analogy is totally inapposite as Trooper Mills affidavit explains that, by design, the investigative technique can at most determine whether it is "more probable than not" that someone behind the target IP address clicked on a link to download CSAM. (Application and Affidavit for Search, page 10). The technique does not and cannot confirm that CSAM was actually downloaded and is or ever was possessed by the Freenet user. For this very reason, the Levine investigative technique requires 3 passing runs of files of interest which have been requested by the same IP address before a search warrant can be sought.

      The Government buttresses its argument by asserting that the "astoundingly low 1% false positive rate means that a single file would be sufficient to establish probable cause.  The Government fails to mention that this 1% rate is per detected run, not per IP address. Furthermore, Dr. Levine's 2020 paper ("A Forensically Sound Method of Identifying Downloaders and Uploaders in Freenet", page 7, section 5.1), indicates why three files is the absolute minimum that law enforcement must require: if the standard were to be only one file, then there would have been probable cause to have issued a warrant to search Dr. Levine's own nodes on two prior occasions, despite the fact that, as he testified and as his paper states, his nodes did not download any file of interest, and nevertheless, "two of the runs were falsely flagged as being from a downloader".

      The Government does not expressly contest the Defense expert's findings that the excel spreadsheet providing the "PASS" result is not correctly implementing the full limiting parameters of Dr. Levine's technique.  The fact that one of the three runs provided to Trooper Mills by ICAC Cops, by chance did not contain data which required filtering that the spreadsheet is supposed to perform does not alter the fact that the Government is using a tool that has been demonstrated to be defective in a way that allows false positive "PASS" runs that should "FAIL"

under its own stated parameters. The Government's claim that these errors are the result of "human error." The Government's contention is contradicted by testimony from the only human who could have made such an error.  Trooper Mills testified consistently that his only role was to press the "Analyze" button, and that he was wholly reliant upon the spreadsheet to analyze the applicable testing parameters correctly (ECF 68 at 197:14-25).  Furthermore, nothing in his training gave him any capability to detect a malfunction or an error in the provided run data; errors which were clearly present and undetected in file of interest # 2 and #3 when it was analyzed in the spreadsheet.

    The violations of the Levine technique present in 2 of the 3 files of interest, in particular file of interest 2, were not "hypothetical scenarios" as the Government suggests in its response but rather showed an obvious failure of the Excel spreadsheet macros to properly validate the parameters of the Levine technique allowing false positive results to occur. The Defense expert testing simply illustrated how the spreadsheet fails to do what it is supposed to do before Law Enforcement can rely upon the statistical likelihood that a particular node is a requestor of a CSAM manifest over the Freenet. Dr. Levine's claim that file of interest 2 properly passed is based on his own "hypothetical scenario" where he chose to ignore the overall run data provided to Trooper Mills and narrow his review of that run to one segment thereof. The bottom line that the Excel spreadsheet contains computational errors which do not fully test the Levine Technique before Law Enforcement acts upon a tip is inescapable and essentially uncontested by the Government.

        Respectfully submitted,

        /s/  *Richard A. Finci*
        Richard A. Finci, Esquire
        Houlon, Berman, Finci & Levenstein, LLC
        7850 Walker Drive, Suite 160
        Greenbelt, Maryland 20770
        finci@houlonberman.com
        Telephone: (301) 459-8200
        Facsimile: (301) 459-5721

        /s/  *G. Arthur Robbins*
        G Arthur Robbins (Federal Bar No. 09770)
        CHESAPEAKE MERIDIAN
        1997 Annapolis Exchange Parkway, Suite 300
        Annapolis, Maryland 21401
        Telephone: (443) 454-7675
        GarRobbins@ChesapeakeMeridian.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 30th day of May, 2023, a copy of the foregoing REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM ADDRESSING FRANKS AND SUFFICIENCY OF PROBABLE CAUSE ISSUES was served via filing in the electronic filing system to Michael Morgan, Esquire, Office of the United States Attorney, 6406 Ivy Lane, Greenbelt, Maryland 20770.

        /s/  *Richard A. Finci*
        Richard A. Finci, Esquire