IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-19-348** |
| | * | |
| **ALAKOM-ZED CRAYNE POBRE,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ******* | | |

**JOINT MOTION TO EXCLUDE TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)**

Upon consideration of the Joint Motion to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7), the Court makes the following findings:

1.  On July 22, 2019, a federal grand jury sitting in the District of Maryland returned an indictment charging Pobre with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Pobre had his initial appearance on July 23, 2019.

2.  On August 16, 2019, this Court granted Pobre's Consent Motion to Toll Speedy Trial, which resulted in excluding the time period between August 8, 2019 and September 6, 2019, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c).

3.  On November 1, 2019, this Court granted the parties' Joint Motion to Toll Speedy Trial, which resulted in excluding the time period between September 7, 2019 and November 5, 2019, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c).

4.  On November 12, 2019, this Court granted the parties' Joint Motion to Toll Speedy Trial, which resulted in excluding the time period between November 6, 2019, and January 10, 2020, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c). (ECF 23)

5. On February 3, 2020, the Defense filed a Motion to Compel Discovery, which automatically tolled time under 18 U.S.C. 3161(h)(1)(D). Subsequently, several other motions were filed, the final of which was resolved on October 25, 2023 when the Court gave an Oral Order denying the last remaining pretrial motion of the defendant. (ECF 121)

6. The Court set in a recorded status call for November 29, 2023. During the time between October 25, 2023, and November 29, 2023, it is the intention of the parties to continue discussions as to the next steps of this case and determine whether the parties will be requesting a rearraignment date, or trial dates, at the November 29, 2023 status call.

7. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

8. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties submit that tolling of the Speedy Trial Act clock for any time not automatically excluded pursuant to § 3161(h)(1)(D) is appropriate under the circumstances.  Tolling the time will allow the parties to confer regarding whether it is possible to reach a non-trial resolution of this case.

9. For the foregoing reasons, the ends of justice will be served by excluding the time period between **October 25, 2023** and **November 29, 2023**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

**WHEREFORE**, it is this _____ day of _____, hereby:

**ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7), the time period between **October 25, 2023** and **November 29, 2023** is excluded from the time period within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(c).

_____
HONORABLE PAULA XINIS
UNITED STATES DISTRICT JUDGE
DISTRICT OF MARYLAND