IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-19-348** |
| | * | |
| **Alakom-Zed Crayne Pobre,** | * | |
| | * | |
| Defendant | * | |
| | * | |
| | ******* | |

## JOINT STATUS REPORT AND MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

The United States and defense counsel (hereinafter, the "parties") hereby provide this Joint Status Report and Motion to Modify the Defendant's Conditions of Supervised Release. In support thereof, the parties state the following:

On March 7, 2025, the United States Probation Office filed a petition alleging three separate supervised release violations which accuse the Defendant of accessing pornographic material on numerous occasions between August 2024 and January 2025. (ECF No. 151). The petition also included one violation alleging that the Defendant failed to appear for court-ordered sex offender treatment on two occasions. *Id*. The Defendant's initial appearance in this matter occurred on March 26, 2025, and a violation hearing is currently set for Monday June 2, 2025, at 10:00AM.

The parties have spoken at length since the Defendant's initial appearance. In light of the circumstances surrounding the Defendant's alleged violations, the parties agree that certain modifications of the Defendant's supervised release conditions are necessary. As such, and in accordance with 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c), the parties hereby respectfully request the Court order the following supervised release modifications:

1

1. The parties request that the Court impose a periodic polygraph testing condition. In consultation with the United States Probation Office, the parties respectfully suggest the following language:

    "You must submit to periodic polygraph testing at the discretion of the probation officer, in coordination with the treatment provider, as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. In accordance with the policy of the United States Probation Office, failed polygraph results or the refusal to answer polygraph questions on the basis of a non-frivolous Fifth Amendment privilege against self-incrimination are not grounds to revoke supervised release."

2. The parties request that the third paragraph of Section C in the Defendant's May 17, 2024, Judgement (ECF No. 145, pg. 4), entitled "No Possession of Pornographic Materials," be modified as follows: removal of the language "that would compromise your sex-offender specific treatment."

Upon the Court's imposition of the above modifications, the United States will move to dismiss the Defendant's March 7, 2025, Petition and Violation Report. A proposed Order is attached.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney


/s/
Steven Brantley
Assistant United States Attorney

2